**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**MALCOLM JACKSON**                                           **CIVIL ACTION NO.**

**VERSUS**

**UNITED STATES OF AMERICA**                                 **21-637-SDD-EWD**

    Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on June 26, 2023.

                                             **ERIN WILDER-DOOMES**
                                             **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MALCOLM JACKSON                                                  CIVIL ACTION NO.

VERSUS

                                                                 21-637-SDD-EWD

UNITED STATES OF AMERICA

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), filed by Malcolm Jackson, a federal pretrial detainee incarcerated in West Baton Rouge Parish, Louisiana, who is representing himself.[1] It is recommended that his Petition, which improperly seeks habeas corpus relief, be dismissed without prejudice to filing an appropriate challenge to the order detaining him pending trial in his criminal case.

### I. BACKGROUND

#### A. Jackson's Federal Criminal Proceeding

Jackson was arrested on December 7, 2019 in Plaquemine, Louisiana, on charges of: (1) conspiracy to distribute narcotics; (2) possession of a firearm in furtherance of a drug trafficking offense; and (3) possession of a firearm by a convicted felon.[2] At Jackson's December 9, 2019 initial appearance, this Court issued an Order of Temporary Detention pending hearing pursuant to the Bail Reform Act, 18 U.S.C. § 3142.[3] Jackson was detained pending trial following an evidentiary hearing on January 3, 2020.[4] The Court found that Jackson failed to introduce

---

[1] R. Doc. 1, *see* p. 1 and R. Doc. 3 (amended Petition). Jackson paid the $5 filing fee.
[2] *See* the docket of Jackson's pending criminal proceedings in this Court at *USA v. Hughes, et al.*, No. 19-cr-152-JWD-EWD-4 (M.D. La.) (hereinafter cited as "No. 19-cr-152"), specifically R. Doc. 1 (12/5/19 Indictment) and R. Doc. 7 (12/9/19 return on arrest warrant). In that proceeding, Jackson's alias is noted to be "Fish."
[3] No. 19-cr-152, R. Docs. 34-35. Jackson was represented by attorney Philip J. House. Jackson's detention hearing was continued to permit the unsealing of TIII interceptions, which were going to be used at the detention hearing, so that the information could be provided to defense counsel. *Id.*
[4] No. 19-cr-152, R. Doc. 48 (minutes of detention hearing). House appeared on behalf of Jackson, and Jackson's wife, Brandy Jackson, testified.

sufficient evidence to rebut the presumption under 18 U.S.C. § 3142(e)(3) that that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and therefore ordered detention on that basis.[5] The Court cited several reasons in support of its decision, including Jackson's extensive prior criminal history. Specifically, Jackson was arrested three times in 2019 for charges involving guns and drugs, and before that, had four other convictions, including one for aggravated battery with a dangerous weapon in 1992, which is a crime of violence under La. R.S. § 14:2(B)(5), and a 2003 federal conviction for 3 counts of a possession of a firearm by a convicted felon. Jackson's bond report also showed a history of possession of firearms.[6]

Following the detention hearing, Jackson's retained attorney withdrew from representation in the criminal case.[7] Jackson was appointed Rusty M. Messer ("Messer") from the Court's Criminal Justice Act ("CJA") Panel.[8] Following a hearing, set due to Jackson's complaints about Messer, Jackson was ultimately appointed J. Rodney Baum from the CJA Panel. Baum currently serves as Jackson's attorney in the criminal case.[9]

On or about May 4, 2020, while Messer served as counsel, Jackson sent a letter to Court, requesting the following relief: "I am asking you to reconsider my detainment and grant me a bond."[10] The request was denied without prejudice, and the Court stated as follows: "Defense

---

[5] No. 19-cr-152, R. Doc. 51 (Order of detention pending trial). The rebuttable presumption arose because there was probable cause to believe that Jackson committed offenses falling within the scope of 18 U.S.C. § 3142(e)(3), as he was charged by indictment with an offense that carries a maximum term of imprisonment of ten years or more under the Controlled Substances Act and an offense under 18 U.S.C. § 924(c). *Id.* at p. 2. Jackson was represented by counsel at this hearing.
[6] No. 19-cr-152, R. Doc. 51, p. 3.
[7] No. 19-cr-152, R. Doc. 69, 81.
[8] No. 19-cr-152, R. Docs. 80, 82-83.
[9] No. 19-cr-152, R. Docs. 99, 101-02, 104. While Jackson complained that he could not reach Messer, Messer provided multiple dates on which he spoke to, or visited with, Jackson, and spoke to Jackson's wife. R. Doc. 99. During the hearing, the Court noted that Messer's performance was not objectively unreasonable or otherwise deficient, but nevertheless appointed Baum in an exercise of discretion. R. Doc. 104.
[10] No. 19-cr-152, R. Doc. 86.

2

counsel is given the opportunity to discuss the issues raised in these motions with the defendant, and if defense counsel believes that the motions have merit and should be presented to the Court for a judicial determination, the motions may be re-filed by counsel."[11]  About three months later, Jackson's relatives submitted four letters to the Court, all requesting that Jackson be given a bond or released.[12]  The Court ordered: "Mr. Jackson was ordered detained pending trial on January 3, 2020 (R. Doc. 51). Mr. Jackson is represented by counsel and there is no motion pending before the Court to reconsider the issue of detention at this time. Should counsel for Mr. Jackson wish to have a judicial determination made regarding Mr. Jackson's continued detention, he must file an appropriate motion with the Court."[13]  Jackson is currently awaiting trial on the pending criminal charges, which is scheduled to begin on November 13, 2023.[14]

### B. Jackson's Habeas Proceeding

Despite the Court Orders, Jackson did not file a motion seeking review of his continued detention in the criminal proceeding. Rather, he filed the Petitions, affidavit, and memorandum in support that are currently before the Court.[15] Jackson alleges that his detention violates his rights under the Fifth and Eighth Amendments to the United States Constitution, including his due process rights, because "he has been held without bail for 23 months now."[16]  Jackson specifically seeks to be given a bond and released from detention with or without conditions: "…Jackson prays

---

[11] No. 19-cr-152, R. Doc. 87.
[12] No. 19-cr-152, R. Doc. 97.
[13] No. 19-cr-152, R. Doc. 97.
[14] No. 19-cr-152, R. Doc. 214.
[15] R. Docs. 1 and 3, the latter of which is on a form AO 242, which was sent to Jackson enclosed with a deficiency letter from the Court regarding deficiencies in Jackson's original Petition. R. Doc. 2. Other than his Petitions, Jackson has sent two letters to the Clerk of Court in this case, essentially asking for the Court to act on his Petition because he is "entitled to bail." R. Doc. 4, p. 2 (12/26/21 letter) and *see* R. Doc. 5 (1/17/22 letter).
[16] R. Doc. 1, pp. 1-2, 14, 16, 18 and *see* R. Doc. 3, pp. 6-7, 13. Jackson also briefly alleges that his Sixth Amendment right to a speedy trial has been violated but does not further explain this claim. R. Doc. 1 at p. 3. However, Jackson's criminal case has been ruled complex under 18 U.S.C. § 3161(h)(7), and the criminal case docket reflects that Jackson and his co-defendants have filed (through counsel) several requests to continue the trial, in large part due to COVID-19 concerns. *See* No. 19-cr-152, R. Docs. 55, 70, 84, 95-96, and 105-06.

that this Court issue the writ with an order to show cause as to why Jackson should not be admitted to a reasonable bail and be monitored by pre-trial services pursuant to 18 U.S.C. 3154…;" "…there has been a change of circumstances in the facts and law of this case that warrant this court conducting a new detention hearing in which Jackson can show to the court that he should be admitted to bail…;" "Jackson in now asking for the previous detention order to be reviewed…;" "…Jackson ask that this court conduct a new detention hearing pursuant to 18 U.S.C. § 3142(f);" "And that this court grant to Jackson a reasonable bail with any other conditions this court should deem appropriate…."[17] Jackson challenges the "pre-trial detention order, asking that it be reconsidered due to new information that goes to the weight of the governments [sic] evidence," and "I pray for my release from detention during the proceedings until trial or dismissal of this case."[18]

Jackson alleges that "there has been a change in the case circumstances that warrant this court reviewing the previous detention hearing pursuant to 18 U.S.C. § 3142(f)."[19] Specifically, Jackson contends that the police reports submitted by Deputy Matthew Dixon and Detective Michael Moore, and the alleged body camera footage of Baton Rouge City Police Officer Gleason, all related to Jackson's April 26, 2019 traffic stop in Plaquemine,[20] is exculpatory evidence, some or all of which was intentionally withheld from the January 2020 detention hearing.[21] According

---

[17] R. Doc. 1, pp. 3, 10, 13, 21-22.
[18] R. Doc. 3, pp. 2, 8, and *see* p. 13.
[19] R. Doc. 1, pp. 6, 13.
[20] The April 26, 2019 traffic stop is briefly noted in the Indictment, but is not a basis for the government's charges against Jackson in the federal criminal proceeding in this Court. It also appears to be noted in the Order of Detention Pending Trial. No. 19-cr-152, R. Doc. 1, p. 11 and R. Doc. 51, p. 3.
[21] R. Doc. 1, pp. 3, 13; R. Doc. 3, pp. 7, 13. The police reports are attached to the Petition at R. Doc. 1, pp. 25-33. Jackson contends that the police/task force engaged in misconduct in several ways, including fabricating the police reports by intentionally omitting any reference to Gleason's body camera footage. Jackson contends that the video allegedly shows that the reason for the April 26, 2019 stop, *i.e.*, the non-functioning of Jackson's back taillights, is false. *Id.* at p. 7. Jackson also alleges that the video contradicts the police reports as to the presence of Moore at the scene at the time reflected on the reports. R. Doc. 1, pp. 13, 17-18. Jackson alleges that the contraband found in his car during the stop was only found by the officers after Gleason left with his body camera and was planted there by

4

to Jackson's January 17, 2022 letter to the Court, Jackson believes that he would have been released if this information had been given to the U.S. Attorney's office at the time of the detention hearing.[22]

## II. LAW AND ANALYSIS

### A. Applicable Legal Standards

#### 1. *Habeas Corpus Relief Pursuant to 28 U.S.C. § 2241*

Jackson, a federal prisoner awaiting trial, seeks habeas relief pursuant to 28 U.S.C. § 2241. The "sole function" of a habeas petition is to "grant relief from unlawful imprisonment or custody."[23] Pursuant to 28 U.S.C. § 2241(c)(3), a district court has the authority to entertain a petition for a writ of habeas corpus filed by a petitioner claiming to be "'in custody in violation of the Constitution or laws or treaties of the United States.'" Section 2241 provides a remedy for federal prisoners in two instances, with the potentially relevant one for this case being "to test the legality of a detention when § 2255 is otherwise inadequate."[24]

#### 2. *Bail Reform Act, 18 U.S.C. § 3141, et seq.*

The Bail Reform Act, 18 U.S.C. §§ 3141-3150, provides detainees with "an essential safeguard" through an "expedited appeal procedure" of detention orders.[25]  *See* 18 U.S.C. § 3145(b), "Review of a detention order," and 18 U.S.C. § 3145(c), "Appeal from a release or

---

the investigating officer. *Id.* at pp. 8, 15. Through counsel, Jackson filed two Motions to Suppress in the criminal case (No. 19-cr-152, R. Docs. 120 & 147), which were denied (No. 19-cr-152, R. Doc. 210).
[22] R. Doc. 5, p. 2.
[23] *Manzo-Hernandez v. Juarez*, No. 20-95, 2020 WL 7658089, at *2 (S.D. Tex. Nov. 12, 2020), *appeal dismissed sub. nom.*, *Manzo-Hernandez v. Saucedo,* No. 21-40034, 2021 WL 5627068, at *1 (5th Cir. 2021), citing *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976); *see also Munaf v. Geren,* 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention.")(citation omitted).
[24] *Sharp v. United States,* No. 19-86, 2019 WL 3210078, at *1 (N.D. Miss. July 16, 2019), citing § 2241 and Brian R. Means, Federal Habeas Manual § 1:29 (2023 ed.). 28 U.S.C. § 2255 is otherwise inadequate because it only applies to requests for postconviction relief, which does not apply here because Jackson has not been convicted. Federal Habeas Manual § 1:28. Similarly, the other instance in which Section 2241 provides a remedy to federal prisoners, *i.e.*, "to challenge the execution of a sentence," is inapplicable because Jackson has not been sentenced.
[25] *Manzo-Hernandez,* 2020 WL 7658089, at *3, citing *Fassler v. United States*, 858 F.2d 1016, 1017 (5th Cir. 1988) (discussing 18 U.S.C. § 3145).

detention order."[26] A pre-trial detainee may file a motion to revoke or amend the detention order with the district court, which shall determine the motion "promptly."[27] In addition, Section 3145 affords pre-trial detainees the right to appeal the district court's decision, which the court of appeals also shall determine "promptly."[28] Additionally, Section 3142(f)(2)(B) provides that a detention hearing may be reopened "before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Detained individuals may utilize these processes to have detention orders reviewed and/or to provide additional, relevant information that was not available at the time of the original detention hearing.[29]

---

[26] 18 U.S.C. § 3145 provides: "(b) Review of a detention order.--If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly. (c) Appeal from a release or detention order.-- An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

[27] *Manzo-Hernandez,* 2020 WL 7658089, at *3, citing *Fassler*, 858 F.2d at 1017. While § 3145 does not contain set deadlines by which relief must be sought, some courts in this Circuit have held that a detainee's request for revocation or amendment of a detention order issued by a magistrate judge is governed by Fed. R. Crim. Proc. 59's fourteen-day time limit, and that "[i]f the defendant fails to appeal the magistrate judge's decision within fourteen days, the right to review is waived…[and] [a]ny review by the district court following such a waiver is discretionary and not a matter of right." *United States v. Cooper,* No. 16-60, 2018 WL 1916983, at *2 (N.D. Tex. Apr. 2, 2018), report and recommendation adopted, No. 16-60, 2018 WL 1912708 (N.D. Tex. Apr. 23, 2018) (citations omitted). *See also United States v. Sanchez,* No. 21-254, 2022 WL 2161041, at *3 (E.D. Tex. June 15, 2022) (accord, and further noting that § 3145 does not set a time limit, and "the Fifth Circuit has not addressed the question of whether Rule 59's fourteen-day objection period applies to motions filed under 18 U.S.C. § 3145.").

[28] *Manzo-Hernandez,* 2020 WL 7658089, at *3, citing 18 U.S.C. § 3145(c).

[29] *Manzo-Hernandez,* 2020 WL 7658089, at *3, citing *United States v. Okhumale*, 813 F. App'x. 936 (5th Cir. 2020) (per curiam) (on appeal per 18 U.S.C. § 3145(c), vacating a district court's order that denied a motion to revoke a detention order); *United States v. Zaccaria*, 347 F. App'x. 984 (5th Cir. 2009) (per curiam) (reversing and instructing the district court to promptly enter an order of release under Section 3142(b) or (c)); *United States v. Okhumale*, 3:20-CR-122-L, 2020 WL 2812868 (N.D. Tex. May 29, 2020) (granting motion to revoke detention order).

### B. Jackson Must Seek Relief Under the Bail Reform Act in His Criminal Proceeding, Not Via a Writ of Habeas Corpus

"Regular judicial procedure" indicates that defendants should pursue the remedies available within the criminal action, rather than through the extraordinary remedy of habeas corpus.[30] Thus, the appropriate remedies for Jackson's request for release and bail are not cognizable under habeas corpus law, but under the Bail Reform Act. "Absent special circumstances, federal pretrial detainees should not file civil § 2241 actions to challenge their detention because other remedies are available to them from within their criminal cases. Indeed, a federal pretrial detainee's request for release should 'only be considered under the Bail Reform Act and not under a § 2241 petition for habeas relief.'"[31]

In *Fassler,* a pretrial detainee did not seek review of the detention order under the Bail Reform Act, and instead challenged the order in habeas corpus. While his habeas petition was pending, he was convicted. As a result, the United States Fifth Circuit Court of Appeals held that the "request for release from pretrial confinement is moot." In dicta, however, the Fifth Circuit addressed the detainee's challenge of the detention order in habeas corpus. The court "decline[d] to hold that § 3145 provides the *exclusive* means by which a person under indictment can challenge his pretrial detention." But the court continued: "Nevertheless, the terms of the Bail Reform Act and the potential for abuse of the writ ... should ordinarily provide strong incentive for defendants to employ Section 3145 appeals." In *Fassler*, the court found the detainee's chosen path was not an abuse, because the approach was "novel and not wholly without merit." The court cautioned, however, that "[s]imilar indulgences will not be afforded criminal appellants in the future,"

---

[30] *See, e.g., Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.") (citing *Riggins v. United States*, 199 U.S. 547, 551 (1905) ("There is nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure.")).
[31] *Sharp,* 2019 WL 3210078, at *2, citing *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 245 (3rd Cir. 2018).

because in most cases, it would result in "duplication of effort by the courts and government with no obvious benefit to be gained by the defendant."[32] Other courts have also found that §2241 is not the appropriate mechanism by which to challenge federal pretrial detention.[33]

Jackson's request for habeas relief is not the appropriate procedure to challenge his pretrial detention. Jackson did not seek review of the detention order under 18 U.S.C. § 3145, nor did he ask to reopen the detention hearing under 18 U.S.C. § 3142(f)(2) to provide additional, relevant information that was unavailable at the time of the detention hearing. If Jackson wants to challenge his pre-trial detention, he must do so through counsel in his criminal case under the Bail Reform Act.[34] As such, this Court should not entertain Jackson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, which seeks to challenge his pre-trial detention in a criminal case, and his Petition should be dismissed without prejudice to an attempt to challenge the order detaining him

---

[32] *Manzo-Hernandez,* 2020 WL 7658089, at *3, citing *Fassler,* 858 F.2d at 1018-19 (emphasis in original). *See also Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) (on pretrial detainee challenge to alleged violation of speedy trial rights, adopting "the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial").

[33] *See Manzo-Hernandez,* 2020 WL 7658089 at *3 (holding that the Bail Reform Act provides an adequate avenue to seek review of detention orders and declining to exercise authority to consider the habeas petition); *Sharp,* 2019 WL 3210078, at *3 (dismissing § 2241 habeas petition with prejudice and holding that the detainee could challenge his pretrial detention in the criminal proceedings); *Campbell v. Head,* No. 21-137, 2021 WL 9315345, at *2 (S.D. Tex. Dec. 9, 2021), report and recommendation adopted, No. 21-137, 2022 WL 2527613 (S.D. Tex. July 7, 2022) (subsequent history omitted) ("The Fifth Circuit continues to follow the general rule that § 2241 is not the proper avenue of relief for federal prisoners awaiting trial to challenge pretrial detention…; *Williamson v. Driver*, 386 Fed.Appx. 491 (5th Cir. 2010) (Section 2241 is not the proper vehicle for claims regarding federal pretrial detention or for challenging the validity of a federal conviction)."); and *Garza-Villanueva v. McAleenan,* No. 19-65, 2019 WL 2424080, at *4 (S.D. Tex. Apr. 26, 2019), report and recommendation adopted, No. 19-65, 2019 WL 2420132 (S.D. Tex. June 10, 2019) (noting the detainee's "misuse" of § 2241 to challenge his pretrial detention under *Fassler*, and holding: "Garza-Villanueva's attempt to obtain relief civilly, without first attempting to obtain that same relief in his criminal case, is at best a waste of resources, and at worst an ill-advised avoidance of the remedies available under 18 U.S.C. § 3145.").

[34] Jackson is cautioned that a motion filed by him, rather than by counsel in the criminal case, may not be considered by the Court. *See McKaskle v. Wiggins*, 465 U.S. 168, 182-83 (1984) (there is no constitutional right to hybrid representation); *United States v. Ogbonna*, 184 F.3d 447, 449 & n.1 (5th Cir. 1999) (holding the same). The Fifth Circuit has recognized the same rule applies in a wide variety of contexts. *See United States v. Sanders*, 843 F.3d 1050, 1053-54 (5th Cir. 2016) (holding a criminal defendant represented by counsel had no right to file a pro se motion challenging the validity of his plea); *Bagwell v. Dretke*, 372 F.3d 748, 752 n.6 (5th Cir. 2004) (holding a state habeas corpus applicant had no right to hybrid representation before the state court); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978) (it is settled law that a criminal defendant has no right to hybrid representation).

pending trial in his criminal case.[35] Jackson is advised that any motion seeking review of the detention order should be filed by his lawyer in the criminal case.

## III. RECOMMENDATION

Jackson is represented by counsel, and the appropriate procedure to challenge his pre-trial detention is under the Bail Reform Act in his pending criminal proceeding. The Court should decline to consider Jackson's Petition for Writ of Habeas Corpus and dismiss it without prejudice to filing an appropriate challenge to the order detaining him pending trial in his criminal case.

Accordingly,

**IT IS RECOMMENDED** that the Petition and amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed by pretrial detainee Malcolm Jackson,[36] be **DISMISSED WITHOUT PREJUDICE** to filing an appropriate challenge to the order detaining him pending trial in his criminal case.

Signed in Baton Rouge, Louisiana, June 26, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[35] *See Manzo-Hernandez,* 2020 WL 7658089, at *2 ("Even when a district court possesses subject matter jurisdiction over a petition for writ of habeas corpus, equitable principles and consideration of the orderly administration of criminal justice may require the court in its discretion to 'forgo the exercise of its habeas ... power.'" (citing *Munaf,* 553 U.S. at 693 (quoting *Francis v. Henderson,* 425 U.S. 536, 539 (1976))). *See also Munaf,* 553 U.S. at 693 ("Habeas corpus is 'governed by equitable principles.'…The principle that a habeas court is 'not bound in every case' to issue the writ, follows from the precatory language of the habeas statute, and from its common-law origins. The habeas statute provides only that a writ of habeas corpus '*may* be granted,' § 2241(a) (emphasis added), and directs federal courts to 'dispose of [habeas petitions] as law and justice require,'" § 2243.")(internal citations omitted).
[36] R. Docs. 1 and 3.